# TAKEROOT JUSTICE

April 30, 2024

<u>VIA ECF</u>
Honorable Judge Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>Initial Status Conference Joint Letter</u>
                  **Sahadeo v. Schwarzwalder**
                  **Docket No. 24-cv-01889-BMC**

Dear Honorable Judge Cogan,

    Our office represents Plaintiff Mohanie Sahadeo in the above referenced matter. We write this letter jointly with counsel for Defendant. Pursuant to Your Honor's Notice of Initial Pretrial Conference, Dated March 14, 2024 (Dkt. 3), we have conferred with Neal Brickman, Esq., counsel for the Defendant. We have reached an agreement on all matters regarding the proposed discovery schedule except for the timing of the filing of dispositive motions in the Case Management Plan and Scheduling Order, which will be filed separately.

    Pursuant to your Honor's Individual Rules of Practice in Civil Cases, counsel for Plaintiff and Defendant jointly provide the following information:

**1.**     <u>**Claims and Defenses**</u>

    **A.**     **Plaintiff's Claims**

    Plaintiff was hired by Defendant on or around October 15, 2018 to provide 24-hour care and domestic work for Defendant's elderly father. At first, Plaintiff was scheduled to work four consecutive 24-hour shifts per week, totaling 96 hours. At the onset of the COVID-19 pandemic, Defendant changed Plaintiff's schedule so that she worked seven 24-hour shifts, totaling 168 hours, for three consecutive weeks, followed by three weeks without work. The schedule was later reduced to two weeks of work followed by two off and finally alternating weeks.

    Plaintiff's employment does not fall under any exception to the rule that 24-hour shift workers must be paid at the minimum wage for each hour of their 24-hour shift because (a) there was no agreement between Plaintiff and Defendant to exclude rest or meal breaks from her compensable time, and (b) Plaintiff did not receive three hours of bona fide meal breaks in each 24-hour period. *Andryeyeva v. New York Health Care, Inc.*, 33 N.Y.3d 152 [2019].

    Plaintiff's employment also does not fall under state or federal companionship exemptions to the labor laws because she spent more than twenty percent (20%) of her weekly hours assisting with Activities of Daily Living and Instrumental Activities of daily living, including extensive housework.

123 William Street, #401 / 4th floor
New York, NY 10038
T: 212-810-6744
Law, research, and policy for organizing.

**TAKEROOTJUSTICE.ORG**



Initially, Plaintiff was paid $200.00 per day, which was raised to $250.00 per day around August 2022. Dividing Plaintiff's daily rate by the number of hours worked per day results in a regular rate of $8.33 per hour, and later $10.42 per hour. These hourly rates fall below the state minimum wage and, after October 1, 2022, the minimum wage for home care aides in New York City under Public Health Law § 3614-f.

Because Plaintiff was paid a daily rate regardless of the number of hours worked that week, she was not paid the overtime premium for hours worked beyond forty (40) in one week in violation of federal and state law. Plaintiff's shifts also exceeded ten (10) hours in length and she was not paid at a rate exceeding the minimum wage, entitling her to one additional hour's pay at the minimum wage, or spread of hours pay under state law.

As a result of these violations, Plaintiff brings this lawsuit asserting claims under the Fair Labor Standards Act and New York Labor Law for failure to pay overtime, minimum wages, and spread of hours pay as well as seeking statutory damages for Defendant's failure to provide proper notice of hire and wage statements.

### B. Defendant's Defenses

Defendant denies each of the allegations of the Complaint. First, Defendant was not Plaintiff's employer. Plaintiff was employed by Defendant's father, Meyer Silver. Defendant did not hire Plaintiff and did not have the power to fire her. She did not supervise Plaintiff's work nor did she control the terms and conditions of her employment or the method and amount of the payments to her. Plaintiff worked at Mr. Silver's apartment in Queens and Defendant was not even present at the apartment, except for one day per week. Mr. Silver, paid Plaintiff for her work, using his own funds, including proceeds from an insurance policy. Application for those insurance company funds indicated that Plaintiff worked for Mr. Silver, not the Defendant.

Second, Plaintiff did not work – nor was she "on call" – for twenty four (24) hours in any single day. She was given generous breaks for meals and more than 10 hours each day to sleep, during which she was not asked to perform any work for Mr. Silver. She did not regularly work any overtime. On the rare occasions when she did work overtime, she was paid for it. Most days – when she worked – she worked less than eight (8) hours each day. Plaintiff was provided generous meal breaks each day.

## 2. Contemplated motions

### A. Motion for Summary Judgment

Defendant intends to file a Motion for Summary Judgment dismissing Plaintiff's Complaint on the grounds that Defendant, Susan Schwarzwalder, does not qualify as Plaintiff's employer, which Plaintiff will oppose. Procedurally, Defendant will file an Answer, denying the allegations of the Complaint. Shortly thereafter, she will file the Motion for Summary Judgment so as to hopefully avoid unnecessary costs associated with discovery in a matter where she is not properly named as Plaintiff's employer. Rule 56 specifically allows for a party to make a summary judgment motion based on affidavits and documentary evidence at any time after issue is joined. Plaintiff's position that the motion must await the completion of discovery is not supported by Rule 56 or the case law. Also, Plaintiff's recitation of facts detailed below is not supported by any evidence and can, and will, be refuted by evidence to be submitted in support of that motion. That evidence will demonstrate that there is no disputed issue of fact as to

2



whether or not Schwarzwalder was Plaintiff's employer and that Schwarzwalder is, therefore, entitled to the dismissal of the Complaint against her as a matter of law. Plaintiff's ancillary argument that this contemplated summary judgment motion would somehow violate Your Honor's Case Management Order is also misplaced. Defendant Schwarzwalder has amended (or at least attempted to amend) that form to specifically accommodate the contemplated motion. It is completely unfair for a person wrongly named as a Defendant to have to incur the cost of participating in discovery before moving for summary judgment dismissing a Complaint asserted, apparently without proof or support for naming her, improperly against her.

B. **Plaintiff's Position**

Plaintiff contends that Defendant's proposed Motion for Summary Judgment is premature at this stage in the proceedings. Initially, Defendant intended to file a motion to dismiss. Upon the Court's Order dated April 26, 2024, denying the motion as unnecessary, Defendant is now seeking to inappropriately convert the motion into one for summary judgment before any discovery has taken place.

Rule 56 of the Federal Rules of Civil Procedure ("FRCP"), which governs motions for summary judgment, states that a party "asserting that a fact cannot be or is genuinely disputed **must** support the assertion by: (A) citing to particular parts of materials **in the record**, including depositions, documents, [etc.]" FRCP 56(c)(1) (emphasis added). The language of the rule is clear that summary judgment is properly considered after a record has been built through the discovery process. Indeed, here, there is no record for Defendant to cite to in support of her motion.

Defendant's proposed motion would also be premature as Plaintiff has not had the opportunity to submit evidence in support of her claims. *See Hellstrom v U.S. Dept. of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000) ("Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery.") In moving for summary judgment prior to the start of discovery, Defendant is seeking to prevent Plaintiff from offering evidence that she was the employer. *See Hellstrom* at 97 ("summary judgment should only be granted [i]f **after discovery**, the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof.") (Quotations omitted).

Furthermore, Defendant's proposed motion violates Your Honor's Scheduling Order and Case Management Plan, which explicitly states, "**Upon the conclusion of non-expert discovery**, and no later than the date provided below, the parties may file dispositive motions." (Emphasis added). Your Honor's Individual Practices also state that motions for summary judgment must conform to Local Rule 56.1, which require the Local 56.1 statement to contain an assertion of a material undisputed fact which can only happen after the completion of discovery. In addition, Defendant cannot assert a material fact to be undisputed when no testimony has been taken.

Finally, Defendant seeks summary judgment on the issue of whether Defendant qualifies as Plaintiff's employer, a fact-intensive determination which is ill suited to summary judgment. *See Greenawalt v AT & T Mobility LLC*, 642 Fed.Appx. 36, 37 (2d Cir. 2016); *see also Barfield v New York City Health and Hosps. Corp.*, 537 F.3d 132, 143-44 (2d Cir. 2008) ("Because of the fact-intensive character of a determination of joint employment, we rarely have occasion to

3



review determinations made as a matter of law on an award of summary judgment"). In *Velez v. Sanchez*, 693 F.3d 308 (2d Cir. 2012), the Second Circuit identified the following factors to consider in determining the employer-employee relationship in the domestic worker context:

> (1) the employer's ability to hire and fire the employee; (2) the method of recruiting or soliciting the employee; (3) the employer's ability to control the terms of employment, such as hours and duration; (4) the presence of employment records; (5) the expectations or promises of compensation; (6) the flow of benefits from the relationship; and (7) the history and nature of the parties' relationship aside from the domestic labor.

*Velez at 330.* Each of these factors remains a disputed issue of material fact which Plaintiff intends to support with evidence, including:

- Defendant, acting alone based on a recommendation from Plaintiff's former employer, called Plaintiff and offered her the job.

- After Plaintiff turned down the offer due to the grueling schedule, Defendant called back seeking an arrangement that would be acceptable to Plaintiff. Plaintiff suggested the workweek be split between herself and a second worker, and Defendant agreed on the spot without consulting her father.

- Defendant also set Plaintiff's wage without consulting her father.

- Defendant alone changed Plaintiff's schedule to seven consecutive shifts during the pandemic and did not consult with her father before refusing Plaintiff's request to return to the original schedule.

- Defendant's name is on Plaintiff's paychecks, indicating a joint account with her father.

- On a monthly basis, Defendant collected Plaintiff's timesheets and took them back to her home where she stored them.

For the foregoing reasons, Plaintiff opposes Defendant's proposed Motion for Summary Judgment as premature.

### 3.     Case Management Plan

Your Honor's Scheduling Order states that the parties may provide for a period longer than 90 days for the completion of fact discovery. The Parties have agreed to complete non-expert discovery by August 31, 2024, 114 days from the date of the initial conference, due to Defendant's Counsel's need to prepare for and participate in an arbitration in July.

Finally, as described above, Plaintiff and Defendant do not agree on the timing of the filing of dispositive motions.

Sincerely,<br>
*/s/ Linden Miller*<br>
Linden Miller<br>
Staff Attorney

Cc: Neal Brickman, Esq.
*Counsel for Defendant*

